UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SANDRA CALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No.: 4:17-cv-01548HEA |
| HARRIS STOWE STATE UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING THE COMPLETION OF ARBITRATION

COMES NOW Plaintiff, by and through counsel, and for her Memorandum of Law in

Opposition to Defendants' Motion to Compel Arbitration and Dismiss or, In the Alternative,

Stay Proceedings Pending the Completion of Arbitration, states as follows.

## I.    BACKGROUND

On or about February 23, 2015, Plaintiff filed her Petition against Defendants Harris

Stowe State University ("HSSU") and Lashonda Boone, alleging that during her employment

with HSSU she was subjected to discrimination on the basis of her race, her disability and/or

perceived disability, and was retaliated against as a result of her having complained of

discrimination to HSSU.  Plaintiff further alleged that the discrimination and retaliation

culminated in the termination of her employment.  Defendants filed their Answer and

Affirmative Defenses to Plaintiff's Petition on April 3, 2015.  (See attached Exhibit 1).  Notably,

Defendants' Answer and Affirmative Defenses does not claim Plaintiff's allegations are subject

to arbitration pursuant to any employment agreement between Plaintiff and HSSU.

1

Upon the filing of the Petition, counsel for Plaintiff and counsel for Defendants began three (3) years of extensive written discovery.  (See Attached Exhibit 2-Docket Entries from Missouri Case Net for Cause No: 1522-CC00417; See Attached Exhibit 3- Certificates of Service Filed with Circuit Court ).  Since the filing of this case on February 23, 2015, Defendants have sent Plaintiff one (1) set of Interrogatories and three (3) Requests for Production, and Plaintiff has produced a total of 525 pages of documents, not including medical records. Plaintiff sent Defendants two (2) sets of Interrogatories and one (1) Request for Production. Defendants supplemented their responses to Plaintiff's Request for Production on four (4) separate occasions, and produced a total of 24,847 pages of documents. Defendants' counsel sought and received from Plaintiff executed employment authorizations, and set four (4) Custodian of Records depositions for Plaintiff's current employers to obtain her personnel files. (See Attached Exhibit 4-Notices of Deposition Filed with Circuit Court).  Defendants also requested and received executed medical authorizations from Plaintiff to obtain medical records associated with her treatment for emotional distress.

During the course of the exchange of written discovery between the parties, there was a dispute between counsel regarding the scope of some of the requests propounded by Plaintiff's counsel, which required Plaintiff's counsel to file a Motion to Compel, and which Motion was set for hearing before the Circuit Court, and which resulted in a Consent Order.  (See Attached Exhibit 2, Docket Entry 1-29-16 and 4-25-16 and Exhibit 5-Motion to Compel Filed with Circuit Court and Order).

On or about January 18, 2017, Plaintiff disclosed her medical expert, upon whom she intends to rely to provide an opinion on causation regarding her current emotional condition. On or about January 20, 2017, counsel for Plaintiff and counsel for Defendants filed a Joint Motion

to Continue the trial date with the circuit court, and filed an agreed upon Scheduling Order,

which set forth deadlines for the disclosure of experts and their reports, depositions of experts,

the completion of discovery, the filing of dispositive motions, and a tentative trial date.  (See

Attached Exhibit 6-Joint Motion to for Continuance, For Scheduling Order, and for New Trial

Setting).

   Plaintiff's counsel deposed Defendant Lashanda Boone on February 21, 2017, which

deposition was left open by agreement of the parties, due to late disclosure of documents which

Plaintiff's counsel had not had an opportunity to review in advance of the deposition.

(See Attached Exhibit 7-Amended Notice of Deposition for Defendant Lashanda Boone Filed

with Circuit Court).

   On or about March 2, 2017, Plaintiff produced a copy of her expert's Independent

Medical Examination to counsel for Defendant.

   On or about May 11, 2017, Plaintiff received leave to file her First Amended Petition,

which added a count against Defendants for violation of the Family Medical Leave Act.  On or

about May 23, 2017, Defendants removed this matter from the City of St. Louis Circuit Court.

   Now, for the first time, Defendants argue Plaintiff's claims are subject to arbitration,

pursuant to an employment agreement between Plaintiff and HSSU, which allegedly subjects all

employment disputes between the parties to arbitration.

## II.   ARGUMENT

   Plaintiff requests this Court deny Defendants' Motion to Compel Arbitration and Dismiss

or, In the Alternative, Stay Proceedings Pending the Completion of Arbitration because

Defendants have waived any right they may have under the employment agreement to arbitrate

Plaintiff's claims, and Plaintiff will be prejudiced if Defendants are permitted to arbitrate

Plaintiff's claims.

> **A.      DEFENDANTS HAVE WAIVED ANY RIGHT THEY MAY HAVE HAD UNDER THE EMPLOYMENT AGREEMENT TO ARBITRATE PLAINTIFF'S CLAIMS**

In determining whether a party has waived its right to arbitration, courts have found

waiver when the party 1) knew of its existing right to arbitration; 2) acted inconsistently with that

right; and 3) prejudiced the other party by its inconsistent actions.  Dumont v. Saskatchewan

Gov't Ins., 258 F.3d 880 (8th Cir. 2001).

A party acts inconsistently with its right to arbitrate if the party '[s]ubstantially invoke[s]

the litigation machinery before asserting its arbitration right.' " Lewallen v. Green Tree

Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007) (quoting Ritzel Communications, Inc. v.

Mid-American Cellular Telephone Co., 989 F.2d, 966, 969 (8th Cir. 1993).   "A party

substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable

claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation

in a timely manner." Id.   "A party is so prejudiced when the 'parties use discovery not available

in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration

would require a duplication of efforts." Kelly v. Golden, 352 F.3d 344, 349 (8th Cir.2003).

In Southeastern Stud & Components, Inc. v. American Eagle Design Build Studios, LLC,

Southeastern Stud filed a Complaint against American Eagle, seeking payment allegedly owed

under a subcontracting agreement. 588 F.3d 963, 965 (8th Cir. 2009).   A year after Southeastern

Stud filed its Complaint, American Eagle filed a Motion to Compel Arbitration.  Id.  During the

year following the initial filing of the Complaint, American Eagle answered Southeastern Stud's

Complaint, filed responses and objections to Southeastern Stud's request for production of

documents and filed a motion for judgment on the pleadings without raising the issue of

arbitration. Id. at 966.  The district court denied American Eagle's motion to compel arbitration,

finding that while the arbitration clause was enforceable despite its lack of mutuality, American

Eagle had waived its right to arbitration and Southeastern Stud would be prejudiced if compelled

to arbitrate. Id.  The Court affirmed the district court's denial of American Eagle's motion to

compel, finding that American Eagle had substantially invoked the litigation machinery by

moving for judgment in its favor, by failing to move to compel arbitration and stay litigation in a

timely manner, by not asserting its right to arbitrate for thirteen (13) months, and that American

Eagle had acted inconsistently with its right to arbitrate. Id. at 968-969. The Court also found

that Southeastern Stud was prejudiced by American Eagle's acts that were inconsistent with

exercising its right to arbitration.  Id. at 969.   The Court noted that Southeastern Stud had

incurred expense and experienced a substantial delay from the litigation with American Eagle, as

it had to respond to American Eagle's responses and objections to its request for production of

documents and to American Eagle's motion for judgment on the pleadings, in which American

Eagle repeatedly failed to raise the issue of arbitration. The Court further stated that as a result of

American Eagle's failure to raise the issue of arbitration earlier, Southeastern Stud was forced to

continue the expense of litigation against AEDBS. Id.

        In Lewallen v. Green Tree Servicing LLC, the debtor-borrower brought an adversary

proceeding alleging violations of the Real Estate Settlement Procedures Act against a mortgage

lender in the course of her pending bankruptcy proceeding.  487 F.3d 1085, 1087-1088 (8th Cir.

2007). Upon the adversary proceeding being commenced, Green Tree Servicing served lengthy

discovery requests including interrogatories and requests for production on Lewallen, which

Lewallen had begun preparing responses to, and did not file its Motion to Compel arbitration

until a few days before Lewallen's responses were due.  Id.  at 1093.  Green Tree Servicing had

been aware of Lewallen's claims that it had violated the Real Estate Settlement Procedures Act

as early as August 31, 2004, when Lewallen filed an objection to Green Tree's proof of claim

filed in Lewallen's pending bankruptcy proceeding, yet if failed to seek arbitration until eleven

(11) months later, on July 28, 2005.  Id. at 1090-1092.   The Court found that Green Tree's

eleven (11) month delay in seeking arbitration was inconsistent with its right to arbitrate, as was

its serving of discovery requests on Lewallen.  Id. at 1092-1093.  The Court also found that

Lewallen was prejudiced as a result of Green Tree's actions, in that Lewallen had incurred

expenses in the discovery process, namely time and expense in preparing and serving discovery

requests and preparing responses to Green Tree's discovery requests.  Id. at 1093.  The Court

also found that Lewallen had been prejudiced as a result of Green Tree's having inexplicably

waited eleven (11) months before requesting arbitration.  Id. at 1094 The Court found that Green

Tree's attempt to litigate the merits of Lewallen's claims, participating in discovery, and delay

prejudiced Lewallen (See Kelly v. Golden, 352 F.3d at 350), and therefore the parties were

deprived of arbitration's main purpose, the efficient and low-cost resolution of disputes. Id.

In the present case, there is no dispute Defendants were at all times aware of the

employment agreement upon which they rely to seek to compel arbitration of Plaintiff's claims.

Defendants' action in this case are inconsistent with any right it may have under the employment

agreement to arbitrate the claims set forth in Plaintiff's First Amended Complaint, and those

inconsistent actions have prejudiced Plaintiff, and as a result, Defendants' Motion to Compel

Arbitration should be denied.

i.      **Defendants' Actions Are Inconsistent with Its**
        **Right to Arbitrate**

During the past three (3) years Defendants have acted in a manner wholly inconsistent

with any right to arbitrate Plaintiff's claims.  To the contrary, Defendants have prepared this case

for trial in a judicial forum since the day Plaintiff filed the lawsuit.  Defendants' Answer and

Affirmative Defenses, filed on April 3, 2015, makes no reference to arbitration.  Defendants

engaged in extensive discovery with Plaintiff, including not only producing a significant number

of documents, but also propounding extensive discovery requests upon Plaintiff.  Defendants set

four (4) discovery depositions and requested and received Plaintiff's medical records.  During

discovery, Defendants sought to avoid producing certain information, thereby requiring Plaintiff

to file a Motion to Compel with the Circuit Court, and to set the matter for hearing.  Prior to this

matter being removed to this Court, Defendants and Plaintiff filed a joint proposed scheduling

order with the Circuit Court which proposed deadlines for the disclosure of experts and their

reports, the conclusion of discovery, the filing of dispositive motions, and a tentative date for the

setting of the matter for trial.

Similar to the parties who were denied their motions to compel arbitration in <u>Lewallen</u>

and <u>Southeastern Stud</u>, the Defendants here delayed a significant amount of time before asserting

their right to arbitrate Plaintiff's claims.  In fact, Defendants in this case waited more than two

(2) years longer than the defendants in <u>Lewallen</u> and <u>Southeastern Stud</u> to seek arbitration of

Plaintiff's claims.  Further, similar to the defendants who were denied their motions to compel

arbitration in <u>Lewallen</u> and <u>Southeastern Stud</u>, Defendants here took significant, affirmative

action to engage in discovery aimed at preparing the case for trial.  Defendants here went further

in the discovery process than the defendants in <u>Lewallen</u> and <u>Southeastern Stud</u>, engaging in

three (3) years of comprehensive discovery, to include depositions, exchange of a large number of documents, and engaging Plaintiff's counsel in discovery disputes.

      ii.    **As a result of Defendant's Inconsistent Actions, Plaintiff has been Prejudiced**

Similar to the plaintiffs in <u>Lewallen</u> and <u>Southeastern Stud</u> , as a result of the inconsistent actions of Defendant, Plaintiff has been prejudiced. Specifically, she has gone to considerable time and expense to litigate her claims during the past three (3) years.  Plaintiff, based upon the actions of Defendant, has retained an expert to testify regarding medical causation.  Plaintiff's expert has conducted an Independent Medical Examination, and has produced a report. Plaintiff has deposed Defendant Lashanda Boone, and has spent substantial time and expense preparing responses to Defendants' discovery requests and serving discovery requests upon Defendants. Plaintiff has also spent considerable time and expense reviewing the over 24,000 pages of documents produced by Defendants during the course of discovery.  Plaintiff has also been prejudiced by the three (3) year delay in Defendants' requesting of arbitration.

## III.   <u>CONCLUSION</u>

Defendants' actions since the filing of Plaintiff's initial Petition on February 23, 2015 have been inconsistent with any right to arbitrate it may have under the employment agreement and as a result of those inconsistent actions, Plaintiff has been prejudiced.  Therefore, Defendants' Motion to Compel Arbitration and Dismiss or, In the Alternative, Stay Proceedings Pending the Completion of Arbitration should be denied in its entirety.

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.

By     <u>/s/ Rick Barry</u>
Rick Barry, #2572
Megen I. Hoffman, #58772MO
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO 63117
314-918-8900
FAX 314-918-8901
rickbarry@rickbarrypc.com
megens@rickbarrypc.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, this 5th day of September, 2017 to:

Mickes O'Toole, LLC
Vincent Reese
Grant Wiens
555 Maryville University Dr., Suite 240
St. Louis, MO 63141

<u>/s/ Rick Barry</u>