Electronically Filed - City of St. Louis - April 03, 2015 - 11:10 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SANDRA CALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1522-CC00417 |
| ) | |
| HARRIS STOWE STATE UNIVERSITY ) | |
| AND LASHANDA BOONE ) | |
| ) | |
| Defendants ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION

COME NOW Defendant, Harris Stowe State University and Lashanda Boone, by and through the undersigned counsel, and for their Answer to Plaintiff's Petition, state as follows.

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff is and was a United States Citizen, over the age of eighteen (18), residing in Illinois.

> **ANSWER:** **Defendants are without sufficient information with which to respond to the allegations contained in Paragraph 1 of the Petition, and therefore deny same.**

2. At all times relevant hereto, Defendant Harris Stowe State University ("Harris Stowe") is and was a state institution of public higher education, located in the City of St. Louis, State of Missouri.

> **ANSWER:** **Defendants admit the allegations contained in Paragraph 2 of the Petition.**

3. At all times relevant hereto, Defendant Lashonda Boone ("Boone") was the Vice President of Student Affairs for Harris Stowe, and resides in St. Louis County, State of Missouri.

00137274.1                                1

EXHIBIT 1

      **ANSWER:**    Defendants admit the allegations contained in Paragraph 3 of the Petition.

4. Jurisdiction is proper in this Court pursuant to RSMo 213.

      **ANSWER:**    The allegations contained in Paragraph 4 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 4.

5. Venue is proper in this Court, as the acts and occurrences giving rise to Plaintiffs allegations occurred in the City of St. Louis, State of Missouri.

      **ANSWER:**    The allegations contained in Paragraph 5 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 5.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-5, as if fully set forth herein.

      **ANSWER:**    Defendants incorporate their answers to Paragraphs 1 through 5 of the Petition as if fully set forth herein.

8. Plaintiff was formerly employed as the Director of Financial Aid at Harris Stowe.

      **ANSWER:**    Defendants admit the allegations contained in Paragraph 8 of the Petition.

9. On October 21, 2013, Plaintiff was sexually assaulted during a convention she attended pursuant to her job duties.

> **ANSWER:** **Defendants admit that during a portion of the day on October 21, 2013, Plaintiff was in attendance at a work convention. Defendants deny the remaining allegations contained in Paragraph 9 of the Petition.**

10. The sexual assault was not perpetrated by an employee of Harris Stowe. After the sexual assault, Plaintiff was diagnosed with post-traumatic stress disorder, and took Fan1ily Medical Leave for one (I) month.

> **ANSWER:** **Defendants admit that Plaintiff took a leave of absence after Plaintiff returned from the October 21, 2013 convention. Defendants admit that Plaintiff was not assaulted by a Harris Stowe employee. Defendants are without sufficient information to answer the remaining allegations of Paragraph 10 and therefore deny same.**

11. With regard to the one (1) month of FMLA leave taken by Plaintiff, her supervisor, Defendant Boone, informed Plaintiff that she didn't believe a Director should be away from her post for an entire month.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 11 of the Petition.**

12. In April of 2014, Plaintiff began suffering further complications from her post traumatic stress disorder, and again requested FMLA leave, which request was granted.

    **ANSWER:**    **Defendants admit that Plaintiff took a leave of absence from April 23, 2014 to May 28, 2014. Defendants are without sufficient information to answer the remaining allegations of Paragraph 12 and therefore deny same.**

13.    Plaintiff was scheduled to return to work on June 2, 2014, and was provided with a release to return back to work from her physician.

    **ANSWER:**    **Defendants are without sufficient information with which to respond to the allegations contained in Paragraph 13 of the Petition, and therefore deny same.**

14.    On May 29, 2014, Plaintiff contacted the Human Resources Department to alert them she had been provided with a release to return to work from her physician.

    **ANSWER:**    **Defendants are continuing to investigate the allegations contained in Paragraph 14 of the Petition and therefore are without sufficient information with which to either admit or deny the allegations contained therein at this time. Defendant will supplement its Answer to Paragraph 14 of the Petition at such time that it receives enough information upon which to formulate a response. To the extent an answer is deemed required at this time, Defendants admit that Plaintiff contacted the Human Resources Department at the end of May to advise as to her intention to return to work, but deny that this notice was provided on May 29, 2014.**

15. In response, the Human Resources Representative stated, "didn't you check your email?"

    **ANSWER:** **Defendants are continuing to investigate the allegations contained in Paragraph 14 of the Petition and therefore are without sufficient information with which to either admit or deny the allegations contained therein at this time. Defendant will supplement its Answer to Paragraph 14 of the Petition at such time that it receives enough information upon which to formulate a response. To the extent an answer is deemed required, Defendants admit that when Plaintiff called to inquire about returning to work at the end of May, she was questioned about whether she had received correspondence advising her not to return at that time, but deny the specific quote alleged in Paragraph 15 of the Petition.**

16. When Plaintiff checked her email, she had received a letter dated May 27, 2014 which stated that her contract was set to expire on June 30, 2014, and that a review of her performance indicated she had not met the standard of performance which were expected, and that she had received three (3) reprimands since February of 2014. Prior to reading this correspondence, Plaintiff was not aware of the three (3) alleged reprimands referenced in the letter.

    **ANSWER:** **Defendants admit that Harris Stowe State University sent Plaintiff the May 27, 2014, letter. Defendants deny that**

> Plaintiff was unaware of the three reprimands referenced in the May 27, 2014, letter.

17. The letter further stated that as a result, Plaintiff contract would not be renewed for the 2014-2015 academic year.

> **ANSWER:** Defendants admit the allegations contained in Paragraph 17 of the Petition.

18. On May 29, 2014, after Plaintiffs initial conversation with Harris-Stowe's Human Resources Representative, Plaintiff received a second email which stated that her employment status for the remainder of the fiscal year was under review because of alleged "improprieties of your responsibilities." Plaintiff was not allowed to return to work as scheduled on June 2, 2014.

> **ANSWER:** Defendants admit the allegations contained in Paragraph 18 of the Petition.

19. During Plaintiffs employment with Harris-Stowe, her supervisor, Defendant Boone, made discriminatory remarks. Defendant Boone is African-American and Plaintiff is Caucasian.

> **ANSWER:** Defendants admit that Defendant Lashanda Boone is African-American and Plaintiff is Caucasian. Defendants deny that Lashanda Boone made discriminatory remarks.

20. Specifically, in the Spring of 2014, Defendant Boone stated, "you white people leave your shades up at your house, so we are always looking in your windows because your shades are up," and referred to white people generally as "crackers."

> **ANSWER:** Defendants deny the allegations contained in Paragraph 20 of the Petition.

21. During Plaintiffs employment, Defendant Boone also treated similarly situated African-American employees more favorably than the Caucasian employees, including Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 21 of the Petition.**

22. Specifically, prior to Plaintiffs termination, there were a total of six (6) directors, three (3) were African-American and three (3) were Caucasian.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 22 of the Petition.**

23. Around the time of Plaintiff's termination, Defendant Boone terminated all three (3) Caucasian directors, including Plaintiff, and only one (1) of the African-American directors.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 23 of the Petition.**

24. Defendant Boone permitted the African-American directors to come and go as they pleased, but would require that Plaintiff keep her constantly apprised of her whereabouts, and would check up on Plaintiff frequently to see what she was doing.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 24 of the Petition.**

### COUNT I
### RACE DISCRIMINATION IN VIOLATION
### OF THE MISSOURI HUMAN RIGHTS ACT

25. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-24, as if fully set forth herein.

**ANSWER:** **Defendants incorporate their answers to Paragraphs 1 through 24 of the Petition as if fully set forth herein.**

26. Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights alleging among other things, that she was discriminated against based on her race, was issued a Right to Sue Letter, and has met all administrative prerequisites to filing this cause of action. (See Attached Exhibit 1).

> **ANSWER:** **The allegations contained in Paragraph 26 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 26.**

27. Plaintiff, as a Caucasian, is in a class protected by the Missouri Human Rights Act.

> **ANSWER:** **Defendants admit that Plaintiff is Caucasian. The remaining allegations contained in Paragraph 27 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny same.**

28. At all times relevant hereto, Plaintiff was performing her job duties as an employee in a manner consistent with her employer's policies and procedures, and which met and/or exceeded the expectations of her employer.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 28 of the Petition.**

29. All of the aforementioned actions taken against Plaintiff constitute adverse employment actions in violation of the Missouri Human Rights Act, and were taken against Plaintiff due to her race.

**ANSWER:    Defendants deny the allegations contained in Paragraph 29 of the Petition.**

30. The aforementioned adverse employment actions taken against Plaintiff were of a continuing nature, ultimately culminating in her termination.

**ANSWER:    Defendants deny the allegations contained in Paragraph 30 of the Petition.**

31. The alleged nondiscriminatory reasons given by Defendants for Plaintiffs termination were baseless, without merit, and pretextual.

**ANSWER:    Defendants deny the allegations contained in Paragraph 31 of the Petition.**

32. The actual and contributing factor in Defendants' decision, to take the aforementioned adverse employment actions against Plaintiff: including but not limited to, her termination, was based on Plaintiffs race.

**ANSWER:    Defendants deny the allegations contained in Paragraph 32 of the Petition.**

33. The aforementioned employment actions taken by Defendants against Plaintiff, including but not limited to her termination, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiff's rights, in violation of the Missouri Human Rights Act.

  **ANSWER:**  **Defendants deny the allegations contained in Paragraph 33 of the Petition.**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendants Harris Stowe State University, and Lashonda Boone as follows:

1. Award Plaintiff actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of the Missouri Human Rights Act, including an amount equal to her lost wages and other benefits of employment, with interest, and any other expenses incurred as a result of his loss of these benefits;

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

2. Award Plaintiff damages for severe emotional distress;

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

3. Award Plaintiff front pay which would have accrued had Plaintiff not been terminated;

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

4. Award Plaintiff punitive damages, up to and including $1,000,000.00, for Defendants' intentional and malicious violation of Plaintiffs rights;

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

5. Award Plaintiff reasonable attorney's fees and costs incurred herein;

Electronically Filed - City of St. Louis - April 03, 2015 - 11:10 AM

> **ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.

6. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

> **ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.

## COUNT II
## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

33. Plaintiff does hereby incorporate by reference each and every allegation contained in paragraphs 1-32, as if fully set forth herein.

> **ANSWER:** Defendants incorporate their answers to Paragraphs 1 through 32 of the Petition as if fully set forth herein.

34. Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights alleging discrimination on the basis of perceived disability, among other things, and was issued a Right to Sue Letter, and has met all administrative prerequisites to filing this cause of action. (See Attached Exhibit 1 which is hereby incorporated fully into Plaintiff Petition).

> **ANSWER:** The allegations contained in Paragraph 34 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 34.

35. Plaintiff's disability and/or perceived disability, was a contributing factor in Defendants' decision to take the aforementioned adverse employment actions against her.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 35 of the Petition.**

36. At all times relevant herein, Plaintiff could perform the essential functions of her job, with or without reasonable accommodation.

> **ANSWER:** **The allegations contained in Paragraph 36 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 36.**

37. All of the aforementioned actions taken against Plaintiff by Defendants qualify as adverse employment actions under the MHRA.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 37 of the Petition.**

38. Plaintiff was at all times qualified for her position with Defendants, and met the legitimate expectations of her employer.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 38 of the Petition.**

39. All actions taken against Plaintiff by Defendants herein aforementioned, qualify as adverse employment actions taken in violation of the MHRA, and such adverse employment actions were of a continuing nature, ultimately culminating in her termination. The

00137274.1

12

aforementioned adverse employment actions taken against Plaintiff were part of a pattern, practice, and policy of the Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 39 of the Petition.**

40. The aforementioned adverse employment actions taken by Defendants against Plaintiff, including but not limited to her termination, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiff's rights all in violation of the Missouri Human Rights Act.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 40 of the Petition.**

41. As a result of Defendants' unlawful acts, in violation of the MHRA, as aforesaid, Plaintiff has lost wages, benefits, and has experienced pain and suffering.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 41 of the Petition.**

42. As a direct and proximate result of Defendants' aforementioned actions, Plaintiff has been made to suffer lost wages and benefits of employment, and pain and suffering.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 42 of the Petition.**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendants Harris Stowe State University, and Lashonda Boone as follows:

1. Award Plaintiff actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of the Missouri Human Rights Act, including an amount

equal to her lost wages and other benefits of employment, with interest, and any other expense incurred as a result of his loss of these benefits;

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

2. Award Plaintiff damages for severe emotional distress;

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

3. Award Plaintiff front pay which would have accrued had Plaintiff not been terminated;

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

4. Award Plaintiff punitive damages, up to and including $1,000,000.00, for Defendants' intentional and malicious violation of Plaintiffs rights;

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

5. Award Plaintiff reasonable attorney's fees and costs incurred herein;

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

6. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

>**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

Electronically Filed - City of St. Louis - April 03, 2015 - 11:10 AM

## COUNT III
## RETALIATION FOR REPORTING ACTS OF DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

43. Plaintiff does hereby incorporate by reference each and every allegation contained in paragraphs 1-42 as if fully set forth herein.

**ANSWER:** **Defendants incorporate their answers to Paragraphs 1 through 42 of the Petition as if fully set forth herein.**

44. Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Humm1 Rights alleging, among other things, retaliation for reporting acts of discrimination, was issued a Right to Sue Letter, and has met all administrative prerequisites to filing this cause of action. (See Attached Exhibit 1).

**ANSWER:** **The allegations contained in Paragraph 44 of the Petition contain legal conclusions, to which Defendants are neither required to admit nor deny. To the extent an answer is deemed required, Defendants deny the allegation of Paragraph 44.**

45. At all times relevant hereto, Plaintiff was performing her job duties as an employee of Defendants in a manner consistent with its policies and procedures, and which met and/or exceeded the expectations of her employer.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 45 of the Petition.**

46. All of the aforementioned actions taken against Plaintiff constitute adverse employment actions in violation of the Missouri Human Rights Act, and were tal(en against

00137274.1                              15

Plaintiff in retaliation for her reporting discrimination she was being subjected to, which reporting is a protected activity under the Missouri Human Rights Act.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 46 of the Petition.**

47. Defendants' alleged reasons given for the discipline assessed against Plaintiff, including her termination, were pretextual, given the temporal proximity of the adverse employment action, and Plaintiffs reporting acts of discrimination.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 47 of the Petition.**

48. The actual and contributing factor in Defendants' decisions, by and through the individually named Defendant, to take the aforementioned adverse employment actions against Plaintiff, including but not limited to her termination was in retaliation for Plaintiff's reporting acts of discrimination.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 48 of the Petition.**

49. The aforementioned employment actions taken by Defendant by and through the individually named Defendant, against Plaintiff, including but not limited to her termination, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiffs rights, in violation of the Missouri Human Rights Act.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 49 of the Petition.**

50. As a result of Defendants' unlawful acts, by and through its agents, including the individually named Defendants, as aforesaid, in violation of the Missouri Human Rights Act,

Plaintiff has lost wages and other benefits incident to employment and experienced emotional trauma.

> **ANSWER:** **Defendants deny the allegations contained in Paragraph 50 of the Petition.**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendants Harris Stowe State University, and Lashonda Boone as follows:

1. Award Plaintiff actual damages including back-pay, front-pay, compensatory damages for Defendants' violations of the Missouri Human Rights Act, including an amount equal to her lost wages and other benefits of employment, with interest, and any other expenses incurred as a result of his loss of these benefits;

> **ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

2. Award Plaintiff damages for severe emotional distress;

> **ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

3. Award Plaintiff front pay winch would have accrued had Plaintiff not been terminated;

> **ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

4. Award Plaintiff punitive damages, up to and including $1,000,000.00, for Defendants' intentional and malicious violation of Plaintiffs rights;

Electronically Filed - City of St. Louis - April 03, 2015 - 11:10 AM

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

5. Award Plaintiff reasonable attorney's fees and costs incurred herein;

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

6. Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

  **ANSWER:**  **Defendants deny that Plaintiff is entitled to any of the relief she seeks herein.**

## AFFIRMATIVE DEFENSES

By way of further answer, and as affirmative defenses, Defendant responds to Plaintiff's Petition as follows:

1. Defendants deny each and every fact and/or conclusion of law not expressly and specifically admitted herein.

2. Plaintiff's Petition fails to state a claim for which relief may be granted.

3. Plaintiff's claims against Lashanda Boone are barred by the doctrine of qualified immunity because Defendant Boone is a government official performing discretionary functions and are, therefore, entitled to qualified immunity from liability for civil damages because her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

4. Plaintiff's claims are frivolous and have no basis in fact or law. Accordingly, Defendants are entitled to reasonable attorney's fees and costs.

5. All actions taken by Defendant Lashanda Boone with respect to Plaintiff were

taken in good faith, for legitimate and lawful reasons and taken in the course of the performance of Defendant Lashanda Boone's duties in an organization.

6. If Plaintiff sustained any loss, which Defendants specifically deny, Plaintiff has failed to use reasonable means to protect herself from loss and to mitigate her alleged losses and damages.

7. Plaintiff's Petition fails to state a claim because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

8. Plaintiff had no reasonable expectation of continued employment because she failed to meet performance expectations, despite Defendants' efforts to remediate her.

9. Plaintiff received all of the process due to her prior to her termination.

10. Defendants reserve the right to amend their Answer; to add additional or other affirmative defenses; to delete or withdraw affirmative defenses; and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

**WHEREFORE**, having fully answered Plaintiff's Petition, Defendants respectfully state that Plaintiff is not entitled to the relief sought and Defendants requests this Court (1) dismiss Plaintiffs Petition in its entirety, or in the alternative, enter judgment in favor of Defendants, and (2) enter its Order granting Defendants their reasonable attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Christi L. Flaherty
    Christi L. Flaherty, #6279094
    cflaherty@mickesgoldman.com
    Mickes Goldman O'Toole, LLC
    107 North Main Street, Suite 2E
    Columbia, IL 62236
    Telephone: (314) 878-5600
    Facsimile: (314) 878-5607

Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and copy of the foregoing Answer and Affirmative Defenses to Petition was electronically filed with the Circuit Court of the City of St. Louis by using the CM/ECF system and also via U.S. First Class Mail, postage prepaid, this 3rd day of April, 2015, to the following attorney of record:

Rick Barry
Megan I. Hoffman
Law Offices of Rick Barry, P.C.
1034 S. Brentwood Blvd., Suite 1301
St. Louis, Missouri 63117
Phone: (314) 918-8900
Fax: (314) 918-8901
rickbarry@rickbarrypc.com
megens@rickbarrypc.com

Attorneys for Plaintiff

                      /s/ Christi L. Flaherty

Electronically Filed - City of St. Louis - April 03, 2015 - 11:10 AM