UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA CALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO 4:17CV1548 HEA |
| | ) |
| HARRIS STOWE STATE UNIVERSITY and | ) |
| LASHONDA BOONE, | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and Dismiss or in the Alternative, Stay Proceedings Pending the Completion of Arbitration [Doc 14]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion to Compel Arbitration is granted.

### **Facts and Background**

Plaintiff filed this action against Defendants on February 23, 2015, alleging that during her employment with Defendant Harris Stowe, she was subjected to discrimination on the basis of her race, her disability, and /or perceived disability, and that she was retaliated against as a result of her having complained of this alleged discrimination. Plaintiff further claims that the discrimination and retaliation were the cause of the termination of her employment.

On August 23, 2013, Plaintiff signed an employment agreement with Harris Stowe, agreeing to be employed as the Director of Financial Aid for the 2013-14 school year. The Employment Agreement contains an arbitration clause entitled "Alternative Dispute Resolution – Agreement to Arbitrate":

> The University and the Employee hereby agree that arbitration is the required and exclusive forum for the resolution of all employment-related and compensation related disputes based on legally protected rights (i.e., statutory, contractual or common law rights) that may arise between Employee and the University, including without limitation contractual claims and claims, demands or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Worker Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Missouri Human Rights Act, any other federal, state or local statue, regulation or common law doctrine regarding employment discrimination, conditions of employment or termination of employment, and compensation-related claims including without limitation, claims, demands or actions for or relating to current salary or wages, equity compensation, deferred compensation, bonuses, commissions, vacation pay and expense reimbursements.

On May 11, 2017, Plaintiff obtained leave to file her First Amended Petition against Defendants alleging Defendants violated the Missouri Human Rights Act ("MHRA") and the Family and Medical Leave Act of 1993 ("FMLA").

Defendants move to compel arbitration and dismiss, alternatively, Defendants seek a stay of this action pending arbitration. Plaintiff argues that Defendants have waived the right to compel arbitration

**Considerations to Compel Arbitration**

Before compelling arbitration, a district court must determine (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement. *Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783 (8th Cir. 2016). Any doubts raised in construing contract language on arbitrability should be resolved in favor of arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 795 (8th Cir. 2005).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted). "Section 3, in turn, allows litigants already in federal court to invoke agreements made enforceable by Section 2." *Id*. "That provision requires the court, on application of one of the parties, to stay the action if it involves an issue referable to arbitration under an agreement in writing." *Id.*

Plaintiff does not dispute the Arbitration Agreement's existence, nor does she claim issues in this case do not fall within the provisions of the Agreement. Rather, Plaintiff contends that Defendants have waived their right to compel arbitration.

**Waiver of Right to Arbitrate**

"Parties can waive their contractual right to arbitration even if their agreement to arbitrate is valid and enforceable." *Schultz v. Verizon Wireless Servs., LLC*, 833 F.3d 975, 978 (8th Cir. 2016). Courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so. *See generally Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1094 (8th Cir. 2007); *Hooper v. Advance Am.*, 589 F.3d 917, 920 (8th Cir. 2009); *Erdman Co. v. Phx. Land & Acquisition, LLC*, 650 F.3d 1115, 1120 (8th Cir. 2011). A party waives its right to arbitrate when the party "(1) knew it had a right to arbitration, (2) acted inconsistently with such right, and (3) prejudiced [the opposing party]." *Hooper*, 589 F.3d 917, 920 (citations omitted).

Plaintiff argues that the parties have been litigating this action for over three years and have engaged in extensive discovery. Plaintiff has filed a motion to compel, which was set for hearing in the Circuit Court from which this action was removed. The Circuit Court entered a Consent Order. Plaintiff has disclosed a medical expert, and the parties filed a joint motion to continue the trial date in the Circuit Court. Plaintiff has deposed Defendant Boone. Plaintiff has produced her expert's Independent Medical Examination.

Plaintiff filed her First Amended Petition on May 11, 2017. This Amended Petition added a claim for a violation of the Family Medical Leave Act. Based on this added count, Defendants removed the action to this Court on May 23, 2017.

"A party acts inconsistently with its right to arbitrate if the party substantially invokes the litigation machinery before asserting its arbitration right." *Lewallen* 487 F.3d at 1090 (quotation and alterations omitted). Prejudice occurs when the parties litigate "substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." *Hooper*, 589 F.3d at 923 (quotation omitted). There is little doubt that Defendants knew they had a right to arbitrate disputes related to and arising from Agreement, but the remaining two requirements have not been satisfied.

Although Plaintiff argues that the parties have been litigating for over three years, the record reflects that very little activity has transpired in that time. There have been no dispositive motions. Defendants point out that most of the production of discovery has been satisfied by Defendants. Plaintiff, after the deposition of Defendant Boone consciously decided to add an additional claim under the Family Medical Leave act. There appears to have been no discovery *vis a vis* her new claim. While Defendants may not have sought to arbitrate Plaintiff's claims in the original Petition, the addition of the Family Medical Leave Act claim, still in its infancy, gives rise to a new consideration. The Court fails to see how

any of the actions detailed herein reflect a substantial invocation of the litigation machinery.

Moreover, even if these events could be construed as invoking "litigation machinery" to resolve the case, none of them prejudiced Plaintiff in the manner required by *Hooper*. Defendants have not asked any Court to consider the merits of Plaintiff's substantive claims, and no effort expended here will be duplicated in the arbitration.

**Conclusion**

For the reasons stated herein, the Court concludes Defendants have not waived their right to enforce the arbitration agreement because they have not acted inconsistently with that right and Plaintiff has not been prejudiced in the manner required to support a waiver. The Motion to Compel Arbitration will be granted. Defendants have not articulated a sufficient reason for dismissal of the action as opposed to a stay. In that the Court has jurisdiction in this case, and issues may arise subsequent to the arbitration, the alternative Motion to Stay Proceedings will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and the alternative Motion to Stay Proceedings, [Doc No. 14], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Parties will timely notify the Court of the completion of arbitration. Further action in this matter is stayed until such notification.

Dated this 26th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE